**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH R. TOMELLERI,

    Plaintiff - Appellant,

v.

MEDL MOBILE, INC.,

    Defendant - Appellee,

and

JASON SINISCALCHI,

    Defendant.

No. 15-3230
(D.C. No. 2:14-CV-02113-JAR-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Joseph R. Tomelleri appeals the district court's order dismissing his claims

against MEDL Mobile, Inc. for lack of personal jurisdiction.  We affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. Background

MEDL is a California company that develops software applications ("apps") for mobile devices. With the help of Jason Siniscalchi, MEDL developed and marketed an app called FishID, which provides detailed profiles of U.S. fish species, as well as fishing information specific to each state.

Tomelleri—a fish illustrator who lives in Kansas—sued MEDL and Siniscalchi in the District of Kansas for copyright infringement. Tomelleri alleged that MEDL and Siniscalchi incorporated a number of Tomelleri's copyrighted fish illustrations in the FishID app without his permission. After giving the parties time to conduct jurisdictional discovery, the district court granted MEDL's renewed motion to dismiss for lack of personal jurisdiction. The district court found it did not have general personal jurisdiction over MEDL because the company did not have an office or agent in Kansas, had never sent an agent to Kansas for business purposes, did not advertise or have bank accounts in Kansas, and conducted only a small fraction of its business in Kansas. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (listing factors courts have considered in evaluating general jurisdiction).

The district court also concluded it lacked specific personal jurisdiction. Applying the applicable two-part test, *see Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008), the court found (1) MEDL purposefully directed activities at residents of Kansas by including Kansas-specific features in the app (namely, maps of Kansas lakes and rivers and

2

links to Kansas fishing regulations); but (2) Tomelleri failed to show his injuries arose from those activities. Finally, the district court denied the parties' alternative request to transfer the action to the Central District of California.

## II. Legal Standard

Where, as here, a district court dismisses for lack of personal jurisdiction based only on the complaint and affidavits, we review its decision de novo. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). We assume all well-pled facts alleged in the complaint are true and resolve all factual disputes in the plaintiff's favor. *Id*.

It is the plaintiff's burden to establish personal jurisdiction. *Id*. At this stage, he satisfies this burden by making a prima facie showing that jurisdiction is proper. *Id*.

Serving a summons establishes personal jurisdiction over a defendant when authorized by federal statute or when the defendant is subject to the jurisdiction of courts in the state where the district court is located. *See* Fed. R. Civ. P. 4(k)(1)(A), (C). Tomelleri sued MEDL under the Copyright Act, which does not provide for nationwide service of process. *See* 17 U.S.C. §§ 101-1332. The Kansas long-arm statute supports personal jurisdiction to the extent constitutionally permitted, Kan. Stat. Ann. § 60-308(b), so we must determine whether the exercise of personal jurisdiction comports with due process, *Shrader*, 633 F.3d at 1239.

To exercise personal jurisdiction over a defendant, due process requires the defendant to "have 'minimum contacts' with the forum state, such that having to

3

defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'" *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "minimum contacts" requirement can be met in one of two ways. First, a court can exercise general jurisdiction over an out-of-state company to hear any claim against it if the company's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). Second, a court can assert specific jurisdiction if the plaintiff shows (1) the out-of-state company has "purposefully directed its activities at residents of the forum state," and (2) the plaintiff's injuries arose out of the company's forum-related activities (known as the "nexus" requirement). *Dudnikov*, 514 F.3d at 1071 (internal quotation marks omitted).

### III. Analysis

Tomelleri does not dispute the district court's determination that it lacked general jurisdiction, but he challenges the court's finding that he failed to establish specific jurisdiction. In particular, Tomelleri argues the district court erred by reaching the nexus issue and concluding he failed to satisfy the nexus requirement. Tomelleri also claims the district court erred by denying his alternative request to transfer. We disagree.

### A. The district court did not err by reaching the nexus issue.

Tomelleri claims the district court should not have considered whether his injuries arose out of MEDL's Kansas-related activities because MEDL failed to argue

4

the issue in its renewed motion to dismiss. We agree with Tomelleri that courts, as neutral arbiters, rely on the parties to frame the issues. *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). But "[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991). Rather, the court "retains the independent power to identify and apply the proper construction of governing law." *Id.* This allows the court to "consider an issue antecedent to and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) (internal quotation marks and ellipsis omitted).

MEDL argued in its renewed motion to dismiss that Tomelleri failed to establish specific jurisdiction. It also cited the controlling legal standard, which required Tomelleri to show that (1) MEDL purposefully directed activities at Kansas residents and (2) Tomelleri's injuries arose out of those activities. MEDL focused its argument on the first requirement, but it did not concede the second (indeed, doing so would have been inconsistent with its argument that it did not direct activities at Kansas residents to begin with). Whether Tomelleri satisfied the requirements of specific jurisdiction was therefore properly before the court, and it was his burden to show that both requirements were satisfied, *see Dudnikov*, 514 F.3d at 1069. The district court did not err by holding Tomelleri to that burden.

**B. The district court did not err by finding that Tomelleri failed to show his injuries arose out of MEDL's Kansas-related activities.**

Tomelleri argues that he satisfied his burden of showing that his injuries arose out of MEDL's Kansas-related activities. Although we have not selected a test to determine when this requirement is met, we have considered two approaches used by other courts: but-for causation and proximate cause. *Id.* at 1078. A plaintiff satisfies the but-for standard if he shows the defendant's forum-related activities were an "event in the causal chain leading to the plaintiff's injury." *Id.* The proximate cause standard, "by contrast, is considerably more restrictive and calls for courts to examine[] whether any of the defendant's contacts with the forum are relevant to the merits of the plaintiff's claim." *Id.* (internal quotation marks omitted). The district court held that Tomelleri failed under either standard, and we agree.

Tomelleri failed to show that MEDL's Kansas-related activities—including maps of Kansas waters and links to Kansas fishing regulations in the app—led to his injury. The primary injury Tomelleri identifies in his complaint is lost licensing revenue. But Tomelleri does not explain how the app's Kansas-specific features caused him to lose revenue. He does not claim his illustrations were used only in conjunction with the app's Kansas-specific features, which are separate from the app's profiles of fish species. Nor does Tomelleri allege that any Kansas residents bought or used the app. In short, it appears Tomelleri would be in no different position if MEDL eliminated the app's Kansas-specific features entirely. Because

6

Tomelleri fails to satisfy the but-for standard, he necessarily fails the more restrictive proximate cause standard.

### C. The district court did not abuse its discretion by denying Tomelleri's alternative request to transfer.

Finally, Tomelleri argues the district court erred by denying his alternative request to transfer the case to the Central District of California, where MEDL's offices are located. Courts have discretion under 28 U.S.C. § 1631 to cure jurisdictional defects by transferring a case to a district where it could have been brought. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). We review a transfer decision for abuse of discretion. *Id*. at 1223.

The district court denied Tomelleri's transfer request because it found that while the Central District of California may have personal jurisdiction over MEDL, there was no assurance it had jurisdiction over Siniscalchi, who lived in Connecticut. As the district court noted, there is "a patent impediment" to transfer when there is "no single court to which the action could be transferred with any assurance that jurisdiction would [be] proper." *Shrader*, 633 F.3d at 1249. When this is true, transfer may not even be permitted, much less required. *See id*. at 1249-50.

Tomelleri argues the district court should have resolved this impediment by granting Siniscalchi's then-pending motion to dismiss and transferring Tomelleri's remaining claims against MEDL. But Tomelleri did not ask the court to do this, and effectively prevented it from doing so by obtaining leave to respond to Siniscalchi's motion to dismiss after the court ruled on MEDL's motion.

7

Because there was no assurance the Central District of California would have personal jurisdiction over both defendants, the district court did not abuse its discretion by denying Tomelleri's transfer request.

## IV. Conclusion

We affirm the district court's order.

Entered for the Court


Timothy M. Tymkovich
Chief Judge